HAMILTON COMPRESS CO. v. LAWSON.
(No. 5436.)†

(Court of Civil Appeals of Texas. Austin. Jan. 27, 1915. On Motion for Rehearing, March 17, 1915.)

1. TRIAL ☞244—INSTRUCTIONS — SINGLING OUT FACTS.

Though plaintiff has the burden of proving by a preponderance of the evidence, the material allegations of his petition, defendant is not entitled to select a single allegation and require the court to charge the preponderance of the evidence thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. ☞244.]

2. MASTER AND SERVANT ☞291—INJURY TO SERVANT—EVIDENCE—INSTRUCTIONS.

Where the petition, in an action for injury to an employé, alleged negligent failure to maintain a guard rail around machinery and to allow a platform to accumulate grease and waste, so as to become slippery, and there was evidence that the foreman had requested employés generally to try to locate a noise and what was producing it, and had offered to pay any of the employés who would succeed in so doing, refusal to charge that there could be no recovery, unless the jury found, by a preponderance of the evidence, that the foreman sent the employé to look for the cause of the noise at the time of the accident, was not erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. ☞291.]

On Motion for Rehearing.

3. APPEAL AND ERROR ☞1057—HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

Where the uncontradicted evidence showed that all machines of a manufacturer were erected without a guard rail, refusal to permit a witness to testify that he had seen several machines of the manufacturer, and that none of them had a guard rail, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. ☞1057.]

4. APPEAL AND ERROR ☞1001—NEGLIGENCE —EVIDENCE—SUFFICIENCY.

Where an employé's personal injury action was brought on the theory of two acts of negligence of the employer, and the cause was not submitted on special issues, a verdict for the employé, justified by evidence sustaining either theory, cannot be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☞1001.]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by C. T. Lawson, for himself and as next friend of his minor son, Walter Lawson, against the Hamilton Compress Company. From a judgment for plaintiff, defendant appeals. Affirmed.

H. E. Trippet, of Hico, and Eidson & Eidson, of Hamilton, for appellant. Chris. Emmett, of Victoria, and Langford & Chesley, of Hamilton, for appellee

JENKINS, J. This case was before us on a former appeal upon the same pleadings and substantially the same testimony, and we refer to our opinion in 162 S. W. 1023, for a statement of the facts involved herein.

[1, 2] The issues of law raised by the assignments herein are the same as in the former appeal, except that raised by the second assignment, which is that:

"The court erred in refusing to give to the jury defendant's special charge No. 1, which is as follows: 'Unless you find, by a preponderance of the evidence, that the witness C. C. Cantrell sent the plaintiff Walter Lawson to go and look for the noise on the occasion testified to by the plaintiff, you will find in favor of the defendant. This charge is given to you as a part of the law applicable to this case, and you will consider it along with the general charge of the court.'"

It is a sound principle of law that the burden of proof is upon the plaintiff to prove, by a preponderance of evidence, all of the material allegations in his petition; but it does not follow that a defendant is entitled to select a single allegation and require the court to charge the preponderance of evidence as to such allegation, for the reason that it might indicate that the court was doubtful as to whether such allegation had been proven. We do not think, generally speaking, that much importance should be attached to the proposition that a party must prove his allegations by a preponderance of the evidence. The jury hear the evidence pro and con, and from such evidence they either believe or do not believe the allegation; and we think, in a civil case, that it would rarely make any difference in the result whether or not the jury were instructed that they must believe the allegation from a preponderance of the evidence. In this

case, however, we think the court did not err in refusing to give the requested charge, for the reason that the plaintiff might have been entitled to recover under the allegations and testimony herein, although the foreman Cantrell did not instruct Lawson to try to ascertain what was producing the noise at the time he was injured. The evidence shows that Cantrell had requested the employés generally, including Lawson, to try to locate the noise and what was producing it, and that he had offered to pay any of the employés, including Lawson, who would succeed in so doing. Now, if the other allegations of plaintiff's petition are established by the evidence, of which the jury were the judges, we think it would not have been necessary, in order for plaintiff to recover, to show that the foreman instructed him on this particular occasion to make such search. These allegations are, in substance, that it was negligence on the part of appellant to fail to have a guard rail around the machinery, and to allow the platform to accumulate grease and waste, so as to become slippery, and that appellee was trying to locate the cause of the noise at the time of the injury, and that his injury was occasioned by such negligence on the part of appellant.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant in its motion for rehearing, as it did in its original brief, insists that the trial court committed error in refusing to permit its witnesses Wilson and Cantrell to testify that they had seen several other such compresses of the same pattern, and that none of them had a guard rail at the place where it is alleged that appellant was negligent in not having such guard rail.

[3] We deem it proper that we should state more fully our reasons for overruling this assignment. In the first place, this testimony was not offered as expert testimony, but only to show how several other Webb presses, that these witnesses had seen, were erected. In the second place, such testimony would have been only cumulative. There was no claim that Cantrell was an expert as to the erection of compresses. The witness Wilson testified, without objection, as follows:

"My business is that of erecting compresses. Am in the employ of the Webb Compress Company. I put in the machinery in this compress here in Hamilton. This press is what is known as 'an eight-inch compound lever press.' This press was erected in 1911. The Webb compress is a standard press. The press is up to date, and is in use all of the time all over the country. The press in Hamilton was put up in the usual way; put up according to the plans and specifications put out by the company. The Webb Company sends out plans and specifications as to how their presses shall be constructed and installed, and this one was installed according to the plans and specifications. The Webb Com-

press Company furnishes a man to superintend the construction and erection of all their compresses."

Explaining a model of the Webb Compress, he said:

"There is no guard rail around this platform (the one where appellee was injured). It would be impracticable to put one there. It would not be any safer. We put that gallery there for the purpose of oiling the press, and to put a rail there would be in the way of the oiler getting into the press."

This testimony, in so far as it related to the manner in which *all* Webb presses were constructed, was not contradicted, and it would not have strengthened appellant's defense to prove that *some* of said compresses were erected without a guard rail. The error, if any, in excluding such testimony, was harmless.

Our views as to charging the jury in reference to the minority of appellee are set forth in our opinion on the former appeal of this case (162 S. W. 1023), for which reason we have not repeated them in our opinion herein.

[4] This suit was brought upon two theories, viz: One was that appellant was guilty of negligence in failing to have a guard rail, and "in permitting grease and other slippery matter to accumulate in and around unprotected, unguarded, and dangerous machinery"; the other was in failing to instruct a minor as to the dangerous character of the place in which he was injured. The case was not submitted on special issues; hence we cannot tell upon which of these issues the jury based their verdict; and, if the evidence be sufficient to sustain either, it is our duty to sustain the verdict.

The motion for a rehearing is overruled.

Overruled.

---

&#x25CE;&#x21DD;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes